IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEWIS DEDRICK, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-05-851-T |
| ) | |
| JOSEPH SCIBANA, Warden, ) | |
| ) | |
| Respondent. ) | |

O R D E R

Petitioner, a federal prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. After completing the required initial review of the petition, the magistrate judge filed a Report and Recommendation [Doc. No. 6] in which he recommended that the petition be dismissed upon filing because petitioner asserts claims for which habeas corpus relief is not available. Petitioner has timely objected to the Report and Recommendation; therefore, the matter is reviewed *de novo*.

Petitioner alleges that his Eighth Amendment rights have been violated because the prison prohibits conjugal visits and, as a result, there is a high rate of homosexual conduct among inmates. Because the prison also refuses to permit inmates to have condoms, petitioner contends, he and others are expose to life-threatening disease, including AIDS. Petitioner seeks an order allowing conjugal visits, the placement of condoms in all federal prisons, and damages in excess of three trillion dollars.

As the magistrate judge points out in the Report and Recommendation, habeas corpus is not the appropriate remedy for an alleged violation of Eighth Amendment rights or other conditions of incarceration. Instead, a habeas petition challenges the legality of custody, and the traditional function of

habeas relief is to "secure release from illegal custody." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997), *quoting* Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner expressly states that his petition concerns jail or prison conditions. Petition at p. 2. There is no allegation that his confinement is illegal; rather, he argues that the conditions of his confinement are unconstitutional. As a result, the magistrate judge correctly concluded that his claims are not cognizable in a habeas action and must be brought as an action pursuant to 41 U.S.C. § 1983.

As set forth in detail in the Report and Recommendation, summary dismissal of the petition is appropriate in such cases. Report and Recommendation at p. 3 and decisions cited therein. Although the court must also consider whether to recast the petition as a civil rights claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the court agrees with the magistrate judge's conclusion that doing so is not appropriate in this case. As the magistrate judge points out, such an action must be preceded by the exhaustion of available administrative remedies or grievances, and a failure to allege exhaustion of remedies subjects the complaint to dismissal. *See, e.g.,* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004). As explained by the magistrate judge, petitioner's pleading is insufficient to state that he has exhausted available administrative remedies regarding his complaints. As a result, construing his complaint as a Bivens claim would result in its dismissal.

In any event, as the magistrate judge also notes, the Supreme Court has held that prisoners do not have a constitutional right to conjugal visits. Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Block v. Rutherford, 468 U.S. 576, 585-88 (1984). Finally, characterizing the existing petition as a Bivens claim could be detrimental to petitioner because of the required filing fee and likely dismissal

of the claim.

The court agrees with the magistrate judge that, under the circumstances, dismissal of this action is appropriate. If petitioner wants to pursue his claims in a Bivens action, he may do so by filing a separate action, subject to the requirements of exhaustion and of payment of the required filing fees or qualification for *in forma pauperis* status.

In his objections to the Report and Recommendation, petitioner does not address the procedural issues noted. Instead, he reiterates his arguments regarding the serious health problems to which he and other inmates are allegedly exposed as a result of prison regulations. These arguments do not persuade the court that this action can continue as a habeas action or that it should be recast as a Bivens action.

Accordingly, the Report and Recommendation [Doc. No. 6] is adopted as though fully set forth herein. This action is dismissed.

IT IS SO ORDERED this 8th day of August, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE